**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>CHAD CONNELLEY,<br><br>            Defendant, | Case No. 2:12-CR-00064-KJD-PAL<br><br>**ORDER** |

Before the Court is Defendant Chad Connelley's 2255 Motion to Vacate a Federal Sentence (#45). Plaintiff United States of America filed a response (#49).

I. Background

A federal grand jury indicted Defendant in 2012 for identity theft and other criminal offenses (#1). At the time of the federal indictment, Defendant was in state custody (#45). This Court accordingly issued a writ of habeas corpus ad prosequendum to ensure Defendant's presence at his initial appearance and arraignment in federal court. Id. Later, Defendant entered into a plea agreement with Plaintiff and pled guilty to conspiracy and aggravated identity theft (#34/35). The Court sentenced Defendant to 48 months imprisonment (#40/41). Defendant did not appeal.

Soon after his sentencing in federal court, Defendant pled guilty to several criminal offenses in state court (#49, Ex.1). The state court sentenced Defendant to 12-36 months imprisonment. Id. Eleven months later, Defendant filed the instant motion.

///

II. Legal Standard

28 U.S.C. § 2255 provides a post-conviction remedy for federal prisoners. A defendant, however, may waive several of the rights provided by 28 U.S.C. § 2255 as part of a valid plea bargain. See U.S. v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). A defendant's waiver of these rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made. U.S. v. Charles, 581 F.3d 927, 931 (9th Cir. 2009).

III. Analysis

Defendant asks the Court to vacate its previous sentence and enter an amended judgment that allows Defendant to serve his federal sentence concurrently with his state sentence. Defendant contests that the state court judge and parties in the state court litigation mistakenly believed that Defendant was in federal custody. Defendant asserts that, as a result of this mistake, the state court judge's order that Defendant's state sentence run concurrent with his federal sentence was inoperative.

a. Defendant's Plea Agreement

In the present case, Defendant pleaded guilty pursuant to his plea agreement with Plaintiff (#34). That plea agreement included a waiver of Defendant's right "to bring any collateral challenge, including any claims under 28 U.S.C. 2255, to his conviction(s), sentence(s) and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel" (#34, p. 8). The instant motion is accordingly barred by this waiver in Defendant's plea agreement.

Defendant argues that this waiver was "not voluntary because the parties were under the mistaken belief that he was in federal custody" (#46, p. 6). Defendant, however, does not include any explanation, analysis, or authority supporting this assertion. Furthermore, there is no indication in the record that Defendant misunderstood his custody status or that it played a role in his decision to agree to the plea agreement. Thus, the Court rejects Defendant's argument.

b. Defendant's Procedural Default

Defendant's motion is also barred by his procedural default. After his sentencing, Defendant did not raise this issue on direct appeal. If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error. U.S. v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).

Defendant argues that his procedural default should be excused because his claim did not come to light until the time to file a notice of appeal had passed. This argument is unpersuasive. The alleged error of which Defendant complains existed at the time of his sentencing. At best, Defendant merely failed to discover and properly raise the issue on direct appeal.

Defendant also contests that "had the court and the parties been properly apprised of the true nature of [Defendant's] status, at least an argument for federal-state concurrent time could have been made" (#46, p.5). This argument is also unpersuasive. Defendant fails to show cause or actual prejudice. Defendant's motion is thus barred by his procedural default.

IV. Conclusion

Accordingly, it is **HEREBY ORDERED** that Defendant's 2255 Motion to Vacate a Federal Sentence (#45) is **DENIED**.

DATED this __22nd__ day of May 2015.

_____
Kent J. Dawson
United States District Judge